*311 OPINION of the Court, by
Ch. J. Boyxe.
This is a writ of error to a judgment overruling a motion made by the plaintiff in error against the defendant, for *312 a judgment for monkey collected by him as deputy sheriff Hardin county, on a fieri facias issued in the plaintiff’s name.
And the kv" u in^hU own hinds as the property sfA-
It appears from a bill of exceptions taken by the plain-j¡jf ⅛6 opinion of the court below, that the defendant had taken the money collected by him on tmjienjaeias and paid it away in discharge of a militia fine which he ,ai^ hands against the plaintiff 5 and the only question the case presents is, whether he had a right to do SO or not ?
That afieri facias may he levied upon money belonging to tire defendant in the execution, seems to be well settled in England, and the same doctrine has been recognized by the supreme court of the United States in the case of Turner vs. Fendall, 1 Cranch 117. By a parity of reason, w c apprehend the sheriff might, under the laws of this state, levy a militia fjneupon money belonging to the person upon whom the fine was imposed. But the question here occurs, whether money collected by the sheriff on an execution, becomes the property of the plaintiff before it is received by him ? This paint is most elaborately discussed by the supreme court of the United States in the case before cited of Turner vs. Fendall 3 raid the reasoning contained in the opinion delivered in that case, most conclusively demonstrates the negative of the question. Consequently money under such circumstances is not liable to be taken by the sheriff in discharge of process he may have in his hands.
But an attempt was made in this case to show that the money" was paid in discharge of the militia fine by the consent of the plaintiff’s agent. ' The consent of the agent, however, is not satisfactorily proven ; but if it were, it would he unavailing : for the testimony clearly shows that the agent had no authority to make such an arrar gement. Iris authority was confined to receiving and transmitting the money to the plaintiff.
The judgment must -be reversed with costs, and the cause remanded for proceedings to be had in conformity to the foregoing opinion.